F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 19 2019 ★

BROOKLYN OFFICE

Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

PEDRO CABRERA, JESUS CHALE, and EDISON BERMEO
BERRONES, individually and on behalf of all others similarly
situated,

                              Plaintiffs,

**COLLECTIVE ACTION
COMPLAINT**

    -against-

AMENDOLA MARBLE & STONE CENTER, INC., "ABC
CORPORATION" d/b/a STONE LOGIC, name of the corporation
being fictitious and unknown to Plaintiffs, and JOSEPH
AMENDOLA, RUBEN SINCHI, and VICTOR BAUTISTA, as
individuals,

**JURY TRIAL
REQUESTED**

CV 19 - 6530

MAUSKOPF, J

SCANLON, M.

                           Defendants.

-----------------------------------------------------------------------X

1. Plaintiffs, **PEDRO CABRERA, JESUS CHALE, and EDISON BERMEO
BERRONES**, individually and on behalf of all others similarly situated, (hereinafter
referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C.,
allege, upon personal knowledge as to themselves and upon information and belief as
to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiffs, **PEDRO CABRERA, JESUS CHALE, and EDISON BERMEO
BERRONES**, individually and on behalf of all others similarly situated, through
undersigned counsel, bring this action against **AMENDOLA MARBLE & STONE
CENTER, INC., "ABC CORPORATION" d/b/a STONE LOGIC, name of the
corporation being fictitious and unknown to Plaintiffs, and JOSEPH
AMENDOLA, RUBEN SINCHI, and VICTOR BAUTISTA, as individuals,**

(hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at **AMENDOLA MARBLE & STONE CENTER, INC.** located at 560 Tarrytown Road, White Plains, New York 10607 and "ABC CORPORATION" d/b/a STONE LOGIC, located at 39-14 112th Street, Corona, New York 11368 for work performed at various job sites throughout Queens, Brooklyn, and Long Island.

3. Plaintiff PEDRO CABRERA was employed by Defendants from in or around September 2018 until in or around April 2019.

4. Plaintiff JESUS CHALE was employed by Defendants from in or around March 2019 until in or around June 2019.

5. Plaintiff EDISON BERMEO BERRONES was employed by Defendants from in or around April 2019 until in or around May 2019.

6. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

11. Plaintiff PEDRO CABRERA resides at 47-46 98th Place, Corona, NY 11368, and was employed by Defendants from in or around September 2018 until in or around April 2019.

12. Plaintiff JESUS CHALE resides at 34-35 106th Street, Corona, New York 11368, and has been employed by Defendants from in or around March 2019 until in or around June 2019.

13. Plaintiff EDISON BERMEO BERRONES resides at 47-13 98th Street, Corona, New York 11368, and has been employed by Defendants from in or around April 2019 until in or around May 2019.

14. Upon information and belief, Defendant AMENDOLA MARBLE & STONE CENTER, INC., is a corporation organized under the laws of New York with a principal executive office located at 560 Tarrytown Road, White Plains, New York 10607.

15. Upon information and belief, Defendant AMENDOLA MARBLE & STONE CENTER, INC. is a corporation authorized to do business under the laws of New York.

16. Upon information and belief, Defendant "ABC CORPORATION" d/b/a STONE LOGIC, is a corporation organized under the laws of New York with a principal executive office at 39-14 112th Street, Corona, New York 11368.

17. Upon information and belief, Defendant, "ABC CORPORATION" d/b/a STONE LOGIC is a corporation authorized to do business under the laws of New York.

18. Defendants AMENDOLA MARBLE & STONE CENTER, INC. and "ABC CORPORATION" d/b/a STONE LOGIC are hereinafter collectively referred to as the "Corporate Defendants."

19. Defendant JOSEPH AMENDOLA owns AMENDOLA MARBLE & STONE CENTER, INC.

20. Defendant JOSEPH AMENDOLA operates AMENDOLA MARBLE & STONE CENTER, INC.

21. Defendant JOSEPH AMENDOLA is the Chief Operating Officer of AMENDOLA MARBLE & STONE CENTER, INC.

22. Defendant JOSEPH AMENDOLA manages AMENDOLA MARBLE & STONE CENTER, INC.

23. Defendant JOSEPH AMENDOLA would frequently be present at the job sites.

24. While at the job sites, Defendant JOSEPH AMENDOLA would supervise employees, including the Plaintiffs.

25. When Defendant JOSEPH AMENDOLA could not be present at the job sites, he would ensure a representative of AMENDOLA MARBLE & STONE CENTER, INC. was at the job site in his place.

26. The representative of AMENDOLA MARBLE & STONE CENTER, INC. designated by Defendant JOSEPH AMENDOLA was most often a foreman by the name of Scott.

27. Defendant JOSEPH AMENDOLA has power over personnel decisions at AMENDOLA MARBLE & STONE CENTER, INC., including the power to fire employees, including Plaintiffs, from the job sites.

28. Upon information and belief, Defendant JOSEPH AMENDOLA has power over payroll decisions at AMENDOLA MARBLE & STONE CENTER, INC.

29. Defendant JOSEPH AMENDOLA would deliver pay to Defendant RUBEN SINCHI to distribute to employees, including the Plaintiffs.

30. Upon information and belief, Defendant JOSEPH AMENDOLA has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at AMENDOLA MARBLE & STONE CENTER, INC.

31. During all relevant times herein, Defendant JOSEPH AMENDOLA was Plaintiffs' employer within the meaning of the FLSA and NYLL.

32. Upon information and belief, Defendant, "ABC CORPORATION" d/b/a STONE LOGIC (hereinafter referred to as "STONE LOGIC"), is a corporation organized under the laws of New York with a principal executive office at 39-14 112th Street, Corona, New York 11368.

33. Upon information and belief, Defendant, STONE LOGIC, is a corporation authorized to do business under the laws of New York.

34. Upon information and belief, Defendant RUBEN SINCHI owns STONE LOGIC.

4

35. Upon information and belief, Defendant RUBEN SINCHI operates STONE LOGIC.

36. Defendant RUBEN SINCHI manages STONE LOGIC.

37. Defendant RUBEN SINCHI would frequently be present at the job sites.

38. Defendant RUBEN SINCHI would instruct employees, including the Plaintiffs, as to which job sites to report to each day.

39. While at the job sites, Defendant RUBEN SINCHI would supervise employees, including the Plaintiffs.

40. Defendant RUBEN SINCHI would instruct employees, including Plaintiffs, as to which tasks to complete at the job sites.

41. Defendant RUBEN SINCHI has power over personnel decisions at STONE LOGIC.

42. Defendant RUBEN SINCHI hires employees, including Plaintiffs.

43. Defendant RUBEN SINCHI has power over payroll decisions at STONE LOGIC.

44. Defendant RUBEN SINCHI would set the pay rate for employees, including the Plaintiffs.

45. Defendant RUBEN SINCHI would receive employees' pay from Defendant JOSEPH AMENDOLA, and would distribute that pay to the employees, including the Plaintiffs.

46. Defendant RUBEN SINCHI has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at STONE LOGIC.

47. During all relevant times herein, Defendant RUBEN SINCHI was Plaintiffs' employer within the meaning of the FLSA and NYLL.

48. Upon information and belief, Defendant VICTOR BAUTISTA owns STONE LOGIC.

49. Upon information and belief, Defendant VICTOR BAUTISTA operates STONE LOGIC.

50. Defendant VICTOR BAUTISTA manages STONE LOGIC.

51. Defendant VICTOR BAUTISTA would frequently be present at the job sites.

52. Defendant VICTOR BAUTISTA would instruct employees, including the Plaintiffs, as to which job sites to report to each day.

53. While at the job sites, Defendant VICTOR BAUTISTA would supervise employees, including the Plaintiffs.

54. Defendant VICTOR BAUTISTA would instruct employees, including Plaintiffs, as to which tasks to complete at the job sites.

55. Defendant VICTOR BAUTISTA has power over personnel decisions at STONE LOGIC.

56. Defendant RUBEN SINCHI hires employees, including Plaintiffs.

57. Defendant VICTOR BAUTISTA would receive employees' pay from Defendant JOSEPH AMENDOLA, and would distribute that pay to the employees, including the Plaintiffs.

58. Defendant VICTOR BAUTISTA has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at STONE LOGIC.

59. During all relevant times herein, Defendant VICTOR BAUTISTA was Plaintiffs' employer within the meaning of the FLSA and NYLL.

60. Upon information and belief, AMENDOLA MARBLE & STONE CENTER, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

61. On information and belief, "ABC CORPORATION" d/b/a STONE LOGIC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

62. At all times relevant to this action, the Corporate Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

63. At all times relevant to this action, the Corporate Defendants were Plaintiffs' employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and the Corporate Defendants jointly employed Plaintiffs.

64. Upon information and belief, the Corporate Defendants functioned as a single integrated enterprise during Plaintiffs' work on the job sites.

65. The Corporate Defendants were jointly responsible for hiring, firing, and supervising Plaintiffs on the job sites.

66. The Corporate Defendants were jointly responsible for setting the wages of Plaintiffs and paying Plaintiffs – to the extent that they were actually compensated – on the job sites.

## FACTUAL ALLEGATIONS

67. Plaintiff PEDRO CABRERA was employed by Defendants from in or around September 2018 until in or around April 2019.

68. During Plaintiff PEDRO CABRERA'S employment by Defendants, Plaintiff performed bathroom tile and renovation work, while performing other miscellaneous duties from in or around September 2018 until in or around April 2019.

69. Plaintiff worked approximately forty-five to fifty-four (45 to 54) hours or more per week during his employment by Defendants from in or around September 2018 until in or around April 2019.

70. Plaintiff PEDRO CABRERA was paid by Defendants approximately $200.00 per day from in or around September 2018 until in or around April 2019.

71. Defendants illegally withheld pay from Plaintiff PEDRO CABRERA during his employment by Defendants.

72. Plaintiff PEDRO CABRERA was not compensated at all for seven (7) weeks of his employment by Defendants.

73. Furthermore, although Plaintiff PEDRO CABRERA worked approximately forty-five to fifty-four (45 to 54) hours or more per week during the period of his employment by Defendants from in or around September 2018 until in or around April 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

74. Plaintiff JESUS CHALE was employed by Defendants from in or around March 2019 until in or around June 2019.

75. During Plaintiff JESUS CHALE'S employment by Defendants, Plaintiff performed bathroom tile and renovation work, while performing other miscellaneous duties from in or around March 2019 until in or around June 2019.

76. Plaintiff worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around March 2019 until in or around June 2019.

77. Plaintiff JESUS CHALE was paid by Defendants approximately $200.00 per day from in or around March 2019 until in or around June 2019.

78. Defendants illegally withheld pay from Plaintiff JESUS CHALE during his employment by Defendants.

79. Plaintiff JESUS CHALE was not compensated at all for five (5) weeks of his employment by Defendants.

80. Furthermore, although Plaintiff JESUS CHALE worked approximately fifty-four (54) hours or more per week during the period of his employment by Defendants from in or around March 2019 until in or around June 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

81. Plaintiff EDISON BERMEO BERRONES was employed by Defendants from in or around April 2019 until in or around May 2019.

82. During Plaintiff EDISON BERMEO BERRONES' employment by Defendants, Plaintiff performed bathroom tile and renovation work, while performing other miscellaneous duties from in or around April 2019 until in or around May 2019.

83. Plaintiff worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around April 2019 until in or around May 2019.

84. Plaintiff EDISON BERMEO BERRONES paid by Defendants approximately $140.00 per day from in or around April 2019 until in or around May 2019.

85. Defendants illegally withheld pay from Plaintiff EDISON BERMEO BERRONES during his employment by Defendants.

86. Plaintiff EDISON BERMEO BERRONES was not compensated at all for two weeks of his employment by Defendants.

87. Furthermore, although Plaintiff EDISON BERMEO BERRONES worked approximately fifty-four (54) hours or more per week during the period of his employment by Defendants from in or around April 2019 until in or around May 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

88. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

89. Collective Class: All persons who are or have been employed by the Defendants as bathroom tile or renovation workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

90. Upon information and belief, Defendants employed more than 20 to 25 employees within the past three years subjected to similar payment structures.

91. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

92. Defendants' unlawful conduct has been widespread, repeated, and consistent.

93. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

94. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

95. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

96. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

97. The claims of Plaintiffs are typical of the claims of the putative class.

98. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

99. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

100. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

101. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

102. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

103. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

104. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the

regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

105.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

106.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

107.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

108.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

109.    Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

110.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

111.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

112.   Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

113.   Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

114.   Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

115.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

116.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

117.   Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

118.   Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

119.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

120.   Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

121.   Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

122.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

123.   Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

124.   Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiffs respectfully request that judgment be granted:

   a.   Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

   b.   Awarding Plaintiffs unpaid overtime wages;

   c.   Awarding Plaintiffs unpaid wages;

   d.   Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

   e.   Awarding Plaintiffs prejudgment and post-judgment interest;

   f.   Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

   g.   Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This _14_ day of November 2019.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PEDRO CABRERA, JESUS CHALE, and EDISON BERMEO BERRONES, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

AMENDOLA MARBLE & STONE CENTER, INC., "ABC CORPORATION" d/b/a STONE LOGIC, name of the corporation being fictitious and unknown to Plaintiffs, and JOSEPH AMENDOLA, RUBEN SINCHI, and VICTOR BAUTISTA, as individuals,

Defendants.

COLLECTIVE ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**AMENDOLA MARBLE & STONE CENTER, INC.**
**560 Tarrytown Road**
**White Plains, New York 10607**

**"ABC CORPORATION" d/b/a STONE LOGIC**
**39-14 112ᵗʰ Street**
**Corona, New York 11368**

**JOSEPH AMENDOLA**
**560 Tarrytown Road**
**White Plains, New York 10607**

**RUBEN SINCHI**
**39-14 112ᵗʰ Street**
**Corona, New York 11368**

**92 Wood Avenue**
**Mastic, New York 11950**

**VICTOR BAUTISTA**
**39-14 112ᵗʰ Street**
**Corona, New York 11368**

15